Emily A. Bolt (State Bar No. 253109)
James P. Keenley (State Bar No. 253106)
Brian H. Kim (State Bar No.  215492)
BOLT KEENLEY KIM PC
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO / OAKLAND DIVISION**

| | |
|---|---|
| MIGUEL TORRES-CASTANEDA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br><br>　　　　Defendant. | Case No.: 3:25-cv-9983-RFL<br><br>**MIREYA OCHOA'S MOTION FOR ADMINISTRATIVE RELIEF TO SUBSTITUTE FOR DECEASED PLAINTIFF** |

Pursuant to Federal Rule of Civil Procedure 25(a)(1) and Civil Local Rule 7-11, Movant Mireya Ochoa hereby moves the Court for administrative relief in the form of an order substituting her as plaintiff for Miguel Torres-Castaneda, who is deceased.  Movant was the deceased's spouse and heir by intestate succession under California law and therefore is the real party in interest now that Plaintiff is deceased.

Under Rule 25(a)(1), if a party dies and the claim is not extinguished, a motion may be made by the decedent's successor or representative to substitute as the real party in interest within 90 days of service of a statement noting the death.  *Chalfant v. United of Omaha Life Ins. Co.*, Case No. 15-cv-

3577-HSG, 2016 WL 4539453 at *1 (N.D. Cal., August 31, 2016).  In deciding a motion to substitute under Rule 25(a)(1) the court must consider: (1) whether the motion is timely; (2) whether the claims pled are extinguished; and (3) whether the person being substituted is a proper party.  *Veliz v. Cintas Corp.*, Case No. C 03-1180-RS, 2008 WL 2811171 at *1 (N.D. Cal., July 17, 2008).  If the requirements of Rule 25(a)(1) are met the "substituted party steps into the same position as [the] original party."  *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).  Each is addressed in turn below.

### 1.  Timeliness

Plaintiff Miguel Torres-Castaneda died on April 12, 2026, while this action was pending.  Declaration of Mireya Ochoa ("Ochoa Dec.") at ¶ 3.  A statement noting his death will be filed concurrently with this motion.  This motion is therefore timely.

### 2.  Whether the Claims Pled Are Extinguished

Plaintiff's sole claim in this litigation is not extinguished by his death.  The claim is that Defendant The Prudential Insurance Company of America ("Prudential") wrongfully denied his claim for long-term disability benefits under the terms of the Leland Stanford Junior University Long Term Disability Plan (the "Plan").  Doc. 1 at ¶¶ 20-24.   This claim arises under section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), it is long established that such claims are not extinguished by the claimant's death and are routinely pursued by estate representatives.  *Theriot v. Building Trades United Pension Trust Fund*, 2019 WL 5693045 , *8 (E.D. La. 2019, Nov. 4, 2019) ("it is well settled that a claim for benefits under ERISA survives the death of a plan participant or beneficiary"); *see also Box v. Goodyear Tire & Rubber Co.*, 51 F. Supp. 3d 1147, 1152 (N.D. Al., 2014) (holding that a participant's estate representative has derivative standing to pursue a benefit claim under ERISA § 502(a)(1)(B)); *James v. Louisiana Laborers Health and Welfare Fund*, 766 F. Supp. 530, 534 (E.D. La. 1991) (same, with respect to health benefits accrued during participant's life); *see generally Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956 958-975 (C.D. Cal. 2005) (resolving long-term disability benefit claim, the same type of benefit at issue in the instant matter, brought by estate representative on the merits).

### 3. Mireya Ochoa Is the Proper Party

Mr. Torres-Castaneda is survived by his wife, Mireya Ochoa, to whom he was married on February 10, 2001.  Ochoa Dec. at ¶ 2.  Mr. Torres-Castaneda died married and intestate.  Ochoa Dec. at ¶ 5.  Under California law, when a married person dies intestate, all of the decedent's community property passes to the surviving spouse by operation of law upon death.  Cal. Prob. Code § 100(a) (surviving spouse owns one half of the community property outright); Cal. Prob. Code § 6401(a) (surviving spouse succeeds by intestate succession to estate's half of community property).  Mr. Torres-Castaneda's claim for long-term disability benefits accrued during his marriage and is community property.  Ochoa Dec. at ¶ 2.  Ms. Ochoa is therefore Mr. Torres-Castaneda's sole successor in interest to this claim.  Declaration of Mireya Ochoa at ¶¶ 2–6.

Rule 25(a)(1) is a procedural rule that dictates the manner by which substitution may occur, but "the question of who is a proper party … is a substantive issue for which [the court] must rely upon state law." *Fox v. City of Tulare*, Case No. 1:11-cv-520-AW, 2014 WL 897040 at *6 (E.D. Cal., March 6, 2014).  In this matter, as was done in *Chalfant*, the Court may rely on California Code of Civil Procedure section 377.32(a), which provides as follows:

"The person who seeks… to continue a pending action or proceeding as the decedent's successor in interest under this article shall execute and file an affidavit under penalty of perjury under the laws of this state stating all of the following:

(1) The decedent's name.

(2) The date and place of the decedent's death.

(3) 'No proceeding is now pending in California for administration of the decedent's estate.'

(4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

(5) Either of the following, as appropriate, with facts in support thereof:

(A) 'The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding.'

(B) 'The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceedings.'

(6) 'No other person has a superior right to commence the action or proceeding to be substituted for the decedent in the pending action or proceeding.'

(7) 'The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.'"

Additionally, a certified copy of the death certificate must be attached to the affidavit or declaration. Cal. Code Civ. Proc § 377.32(c).[1]

As required by California Code of Civil Procedure section 377.32(c), a certified copy of Mr. Torres-Castaneda's death certificate is attached as Exhibit B to the Declaration of Mireya Ochoa filed concurrently herewith.

In light of the foregoing, Movant Mireya Ochoa respectfully requests that the Court enter an order substituting her for Plaintiff Miguel Torres-Castaneda pursuant to Federal Rule of Civil Procedure 25(a)(1).

Respectfully submitted,

Dated:  June 14, 2026                    BOLT KEENLEY KIM PC

By:  /s/ *Emily A. Bolt*
Emily A. Bolt
Attorneys for Plaintiff and Movant Mireya Ochoa

---

[1] No probate proceeding has been initiated with regard to Mr. Torres-Casteneda's death, and none is required for Ms. Ochoa to assert her right to the estate's property.  These provisions of the California Code of Civil Procedure are substantially similar to the requirements in the California Probate Code for a successor in interest to obtain transfer of property by affidavit, another possible source of California legal authority under which Ms. Ochoa is the proper party to substitute for Plaintiff in this matter.  Cal. Probate Code § 13101.

CASE NO. 3:25-cv-9983-RFL                    4                    ADMINISTRATIVE MOTION TO SUBSTITUTE